26SL-CC06761
Electronically Filed - St Louis County - October 09, 2026 - 12:36 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| **CHRISTOPHER OBERT,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MATHIAS PRECISION LANDSCAPING INC.,**<br>**&**<br>**JOSHUA ROBERT MATHIAS, *individually***<br><br>**SERVICE for Both Defendants:**<br>**6830 Teson Rd.**<br>**Hazelwood, MO 63042**<br><br>**Defendants.** | ) | **Cause No.**<br>**Division No.**<br><br>**JURY TRIAL DEMANDED** |

**PETITION**

1. Plaintiff was at all times mentioned herein a citizen of the State of Missouri.

2. At the time of the conduct complained of herein and at all times mentioned, Mathias Precision Landscaping, Inc., doing business as Mathias Precision Tree Service, was a Missouri corporation owned and operated by Defendant Joshua Mathias with its principal place of business in St. Louis County, Missouri and did conduct business in St. Louis County, Missouri.

3. As Defendant Mathias Precision Landscaping, Inc. and its owner operator transacted business in, and the conduct described herein – specifically the payment of wages, failure to pay overtime to Plaintiff, and retaliatory termination of Plaintiff – occurred in St. Louis County, Missouri, jurisdiction is proper in this Court of general jurisdiction.

Electronically Filed - St Louis County - October 09, 2026 - 12:36 PM

4. Venue in this Court is also proper.

**THE PARTIES AND CLAIMS**

5. At all relevant times, Plaintiff worked as Defendants' arborist but performed a variety of other manual labor and driving jobs.

6. Plaintiff was paid a salary attributable to forty hours of work per week.

7. Plaintiff routinely worked between 50 and 60 hours a week.

8. Several weeks in a year, if there was bad storm damage or snow to plow, Plaintiff worked more than 80 hours.

9. Plaintiff was misclassified as an exempt employee under the Fair Labor Standards Act and applicable Missouri wage and hour law.

10. Plaintiff was never paid the overtime premium for hours worked over 40 in a workweek.

11. Defendant Joshua Mathias, at all relevant times, had significant ownership, exercised day to day control of the operations of the business, and was involved in the supervision and payment of Plaintiff such that he is individually liable under the Missouri Minimum Wage Law ("MMWL") and FLSA.

12. At all times herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA and Missouri wage and hour law.

13. Defendant Mathias Precision Landscaping, Inc. is a Missouri corporation with its headquarters located within St. Louis County, Missouri and is an "employer" within the meaning set forth in the FLSA and MMWL and was at all times relevant to the allegations herein Plaintiff's employer.

Electronically Filed - St Louis County - October 09, 2026 - 12:36 PM

14. Defendants had employees engaged in interstate commerce and had employees, most pertinently Plaintiff, handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

15. Upon information and belief, Defendants also had necessary gross annual revenues for all relevant periods.

## GENERAL ALLEGATIONS

16. Plaintiff regularly worked between 50 and 60 hours per week.

17. Defendants had actual knowledge that Plaintiff worked over 40 hours per work week.

18. Notwithstanding this notice, Defendants failed to pay Plaintiff one and one-half his regular rate of pay ("overtime") for hours worked over 40 in a work week.

19. Plaintiff consistently worked without proper compensation and overtime.

20. Plaintiff is owed overtime for every hour worked over 40 in a work week.

21. Upon information and belief, Defendants had been informed of their failure to pay overtime, but Defendants ignored these reports and continually refused to properly pay Plaintiff.

22. Defendants' failure to pay Plaintiff his earned overtime for hours in excess of 40 in a workweek violates the FLSA and Missouri law.

23. The policies and practices maintained and administered by Defendants, instituted and approved by Defendant Joshua Mathias, resulted in Defendants willfully failing to pay overtime compensation to Plaintiff.

24. Defendants thus enjoyed, and continues to enjoy, ill gained profits at the expense of Plaintiff.

Electronically Filed - St Louis County - October 09, 2026 - 12:36 PM

25. In or around December 2025, Plaintiff reported Defendants' FLSA violation to the Department of Labor who confirmed that Defendant misclassified Plaintiff as exempt from overtime and failed to pay overtime due for all hours worked over 40 in a workweek.

26. The DOL proposed a resolution in March of 2026.

27. Plaintiff did not accept the DOL's proposed resolution; it was materially inadequate and did not account for the total amount of overtime hours worked and did not account for liquidated damages.

28. Plaintiff's DOL complaint greatly upset Defendants.

29. Following Plaintiff's DOL complaint and proposed DOL resolution, Defendant Mathias was retaliatorily hostile towards Plaintiff—refusing to interact with Plaintiff, in person or via text or phone, contrary to prior regular, daily interaction.

30. In or around the end of March or early April 2026, Plaintiff sent an email documenting concerns, relating to the operation of CDL-required commercial vehicles—including the lack of valid plates/registration, unqualified operators, the specific defects identified on the Missouri Motor Vehicle Inspection (MVI) and related compliance risks.

31. After setting forth the applicable regulations and requirements attendant to his concerns, Plaintiff explained that "to remain compliant and avoid these significant risks—including stacked fines, potential jail time, CDL disqualifications (60 days to lifetime), OOS orders, and federal enforcement—the plates/registration must be resolved with accurate weight ratings consistent with the vehicle's GVWR/GCWR, the listed MVI defects must be repaired and properly reinspected at the original station (within the allowed window if possible), and only a properly qualified CDL holder may operate the vehicle once everything is fixed and documented. Attempting to bypass the failed inspection or misrepresent weight ratings increases our exposure

Electronically Filed - St Louis County - October 09, 2026 - 12:36 PM

and does not resolve the underlying safety or compliance problems. I recommend we address these issues promptly through proper repairs and documentation. Please let me know how you would like to proceed or if you need the full verbatim regulatory text or any additional details. I am happy to assist further."

32. Defendants did not respond to Plaintiff's good faith report.

33. Instead, on or around April 8, 2026, Defendants again instructed Plaintiff to unlawfully operate a truck/crane.

34. Plaintiff reported that doing so was unlawful, so he refused.

35. Plaintiff then called Defendant Joshua Mathias, asking him to check his email and call Plaintiff back to discuss.

36. Defendant Joshua Mathias then called Plaintiff and started belittling him over the phone. Plaintiff attempted to record the call but upon hearing the notification of recording Defendant Joshua Mathias hung up the phone.

37. Defendant Joshua Mathias proceeded to call Plaintiff back two additional times and hung up both times when he heard the notification that he was being recorded.

38. Defendant Joshua Mathias then instructed another employee to take possession of Plaintiff's company issued credit card, Plaintiff was told to go home, and he was terminated.

39. That afternoon, Defendants emailed Plaintiff the following: "Your final paycheck is scheduled to be directly deposited into your account on 4/13/2026."

**COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. § 207**

**(Against All Defendants)**

40. Plaintiff restates and incorporates every allegation above as if fully set out here.

Electronically Filed - St Louis County - October 09, 2026 - 12:36 PM

41. At all relevant times, Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e).

42. At all relevant times, Defendant Mathias Precision Landscaping, Inc. was an "employer" within the meaning of 29 U.S.C. § 203(d). It was also an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s).

43. At all relevant times, Defendant Joshua Robert Mathias acted directly or indirectly in the interest of Mathias Precision Landscaping, Inc. in relation to Plaintiff. He held ownership, exercised day-to-day operational control, and supervised and set Plaintiff's pay. He is therefore an "employer" under 29 U.S.C. § 203(d) and is jointly and severally liable.

44. 29 U.S.C. § 207(a)(1) requires employers to pay non-exempt employees at least one and one-half times their regular rate for all hours worked over forty in a workweek.

45. Plaintiff was not exempt from the FLSA's overtime requirements. Defendants misclassified him as exempt.

46. Plaintiff routinely worked 50 to 60 hours per week—sometimes more than 80 hours. Defendants knew it, yet paid him a salary covering only forty hours and paid no overtime premium for any hour over forty.

47. The U.S. Department of Labor investigated Plaintiff's complaint. It found that Defendants misclassified Plaintiff as exempt and failed to pay the overtime due.

48. Defendants' violations were willful. Defendants knew, or showed reckless disregard for whether, their conduct violated the FLSA. A three-year limitations period therefore applies under 29 U.S.C. § 255(a).

49. Defendants did not act in good faith or with reasonable grounds to believe their pay practices complied with the FLSA.

Electronically Filed - St Louis County - October 09, 2026 - 12:36 PM

50. Plaintiff did not accept payment supervised by the Secretary of Labor and has not waived any claim under 29 U.S.C. § 216(b).

51. Under 29 U.S.C. § 216(b), Defendants are liable to Plaintiff for his unpaid overtime, an equal additional amount as liquidated damages, and his reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays for the following relief:

a. The payment at one and one-half times his regular rate of pay for all hours worked over 40 in any workweek by Plaintiff for which he was not properly compensated;

b. Liquidated damages pursuant to 29 U.S.C. § 216(b);

c. Reasonable attorneys' fees and costs;

d. Prejudgment interest;

e. A declaratory judgment that Defendants' practices alleged herein violate the FLSA and related regulations; and

f. Such other and further relief as this Court deems fair and equitable.

**COUNT II: VIOLATION OF MISSOURI'S WAGE AND HOUR LAWS**

**(Against All Defendants)**

52. Plaintiff restates and incorporates every allegation above as if fully set out here.

53. At all relevant times, Plaintiff was an "employee," and each Defendant was an "employer," within the meaning of Mo. Rev. Stat. § 290.500.

54. Under Mo. Rev. Stat. § 290.505.1, no employer may employ an employee for a workweek longer than forty hours unless the employee is paid for the excess hours at not less than one and one-half times his regular rate.

Electronically Filed - St Louis County - October 09, 2026 - 12:36 PM

55. Under Mo. Rev. Stat. § 290.505.4, this section is interpreted in accordance with the FLSA, the Portal-to-Portal Act, and their regulations. Plaintiff was not exempt from overtime under state or federal law.

56. Plaintiff routinely worked 50 to 60 hours per week. Defendants paid him no overtime premium for any hour over forty.

57. Defendants' failure to pay overtime was knowing, willful, and intentional.

58. Under Mo. Rev. Stat. § 290.527, Defendants are liable to Plaintiff for the full amount of the wage rate and an additional amount equal to twice the unpaid wages as liquidated damages, less any amount actually paid, plus costs and reasonable attorney fees. Plaintiff brings this claim within three years of the accrual of the cause of action.

**WHEREFORE**, Plaintiff prays for the following relief:

a. Compensatory damages equal to the full amount of Plaintiff's wage rate (that is, one and one half times his regular rate of pay for all hours worked over 40 in a work week) and an additional amount equal to twice the unpaid wages as liquidated damages;

b. Attorneys' fees and costs as allowed by Mo. Rev. Stat. § 290.527;

c. Prejudgment and post judgment interest; and

d. All other relief this Court deems fair and equitable.

**COUNT III: RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 215(a)(3)**

**(Against All Defendants)**

59. Plaintiff restates and incorporates every allegation above as if fully set out here.

60. 29 U.S.C. § 215(a)(3) makes it unlawful for any person to discharge or in any other manner discriminate against an employee because the employee has filed any complaint, or has instituted or caused to be instituted any proceeding, under or related to the FLSA.

Electronically Filed - St Louis County - October 09, 2026 - 12:36 PM

61. In or around December 2025, Plaintiff engaged in protected activity by filing a complaint with the U.S. Department of Labor reporting Defendants' failure to pay overtime. Plaintiff continued to engage in protected activity by participating in the DOL's investigation and by declining the DOL's proposed resolution in or around March 2026 as inadequate.

62. Defendants knew of Plaintiff's DOL complaint and the DOL investigation. The complaint greatly upset Defendants.

63. After the DOL complaint and proposed resolution, Defendant Joshua Robert Mathias became retaliatorily hostile toward Plaintiff. He refused to interact with Plaintiff in person, by text, or by phone, despite their prior regular daily contact.

64. On or about April 8, 2026, within weeks of the DOL's proposed resolution, Defendants terminated Plaintiff's employment.

65. Defendants terminated Plaintiff because of his FLSA complaint and his participation in the DOL proceeding. The close timing between the protected activity and the termination, together with Defendants' hostility after the complaint, shows a causal connection.

66. Defendant Joshua Robert Mathias personally made and carried out the decision to terminate Plaintiff. He is an "employer" under 29 U.S.C. § 203(d) and is individually liable.

67. Defendants' retaliation was willful, intentional, and in reckless disregard of Plaintiff's federally protected rights.

68. As a direct result, Plaintiff has suffered lost wages and benefits, emotional distress, humiliation, and other damages.

69. Under 29 U.S.C. § 216(b), an employer that violates § 215(a)(3) is liable for such legal or equitable relief as may be appropriate, including without limitation employment,

Electronically Filed - St Louis County - October 09, 2026 - 12:36 PM

reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.

**WHEREFORE**, Plaintiff prays for the following relief:

(a) back pay and lost benefits;

(b) an equal additional amount as liquidated damages;

(c) reinstatement or, in the alternative, front pay;

(d) compensatory damages for emotional distress and humiliation;

(e) punitive damages to the extent allowed by law;

(f) reasonable attorneys' fees and costs under 29 U.S.C. § 216(b);

(g) pre- and post-judgment interest; and

(h) such other legal or equitable relief as the Court deems just.

## COUNT IV: VIOLATION OF THE MISSOURI WHISTLEBLOWER'S PROTECTION ACT, MO. REV. STAT. § 285.575

**(Against Defendant Mathias Precision Landscaping, Inc.)**

70. Plaintiff restates and incorporates paragraphs 1 through 23 and 29 through 38 as if fully set out here.

71. This Count rests on Plaintiff's refusal to violate Missouri law governing driver licensing, vehicle registration, and vehicle inspection, and on his reports of Defendant's violations of that law.

72. Upon information and belief, Defendant is an "employer" under Mo. Rev. Stat. § 285.575.2(2). It had six or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

Electronically Filed - St Louis County - October 09, 2026 - 12:36 PM

73. Plaintiff was an arborist. He was not a supervisory, managerial, or executive employee or officer employed to report on or provide professional opinions about vehicle licensing, registration, or inspection compliance.

74. Missouri law provides that no person may drive a commercial motor vehicle unless the person has been issued a commercial driver's license with applicable endorsements valid for the type of vehicle being operated. Mo. Rev. Stat. § 302.720.1.

75. Missouri law requires every owner of a motor vehicle which shall be operated or driven upon the highways of this state to register the vehicle with the Director of Revenue. For a commercial motor vehicle, the registration must state the gross weight of the vehicle and the desired load in pounds. Mo. Rev. Stat. § 301.020.1.

76. Missouri law requires owners of covered vehicles to submit such vehicles to a biennial inspection of their mechanism and equipment ... and obtain a certificate of inspection and approval. Mo. Rev. Stat. § 307.350.1. Missouri law allows a vehicle without current registration to be operated only over the most direct route to an inspection station or repair facility and back. Mo. Rev. Stat. § 307.350.2.

77. Defendant's truck/crane required a commercial driver's license to operate. At all relevant times, it:

a. lacked valid plates and registration reflecting its accurate weight;

b. had failed its Missouri Motor Vehicle Inspection with listed defects that had not been repaired or reinspected; and

c. could be lawfully operated only by a driver holding a valid commercial driver's license with the applicable endorsements.

Electronically Filed - St Louis County - October 09, 2026 - 12:36 PM

78. **Refusal to violate the law**. On or about April 8, 2026, Defendant directed Plaintiff to operate the truck/crane. Doing so would have violated Mo. Rev. Stat. §§ 301.020, 302.720, and 307.350. Plaintiff refused because completing the directive would have violated Missouri law. Plaintiff is therefore a "protected person" as an employee who refused to carry out a directive issued by his employer that if completed would be a violation of the law. Mo. Rev. Stat. § 285.575.2(4).

79. **Report of serious misconduct**. Additionally and in the alternative, Plaintiff reported to Defendant, verbally and then in writing in late March or early April 2026, that Defendant was:

a. operating the truck/crane without valid Missouri plates or registration reflecting its accurate weight;

b. operating it after a failed Missouri Motor Vehicle Inspection without repair or reinspection; and

c. allowing operators without the required commercial driver's license to drive it.

80. These were reports of serious misconduct of the employer that violates a clear mandate of public policy as articulated in a constitutional provision, statute, or regulation promulgated under statute. Mo. Rev. Stat. § 285.575.2(4). Missouri's licensing, registration, and inspection laws reflect a clear public policy of keeping unsafe, unregistered, and improperly driven heavy vehicles off Missouri roads.

81. Defendant did not respond to Plaintiff's written report. On the day Plaintiff refused the unlawful directive and asked Joshua Robert Mathias to read his email and discuss it, Mathias: belittled Plaintiff; repeatedly hung up rather than be recorded; had Plaintiff's company credit card taken; sent Plaintiff home; and terminated his employment.

Electronically Filed - St Louis County - October 09, 2026 - 12:36 PM

82. Plaintiff's status as a protected person was "the motivating factor" in Defendant's decision to discharge him, within the meaning of Mo. Rev. Stat. § 285.575.2(1) and (5). It actually played a role in, and had a determinative influence on, the termination, which came within hours of Plaintiff's refusal.

83. Defendant's discharge of Plaintiff was an unlawful employment practice under Mo. Rev. Stat. § 285.575.4.

84. No other statutory or regulatory scheme provides Plaintiff a private right of action for damages for his discharge for refusing to violate, and reporting violations of, the Missouri laws described above.

85. Defendant's conduct was outrageous because of its evil motive or reckless indifference to Plaintiff's rights and to public safety.

86. As a direct result, Plaintiff has lost wages and benefits.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Mathias Precision Landscaping, Inc. for

(a) back pay;

(b) reimbursement of any medical bills directly related to the violation;

(c) double the amount awarded as liquidated damages upon clear and convincing proof of outrageous conduct under Mo. Rev. Stat. § 285.575.7(3);

(d) court costs and reasonable attorney fees under Mo. Rev. Stat. § 285.575.8;

(e) pre- and post-judgment interest; and

(f) such other relief as the Court deems just.

## COUNT V: QUANTUM MERUIT

**(In the alternative against Defendant Mathias Precision Landscaping, Inc.)**

Electronically Filed - St Louis County - October 09, 2026 - 12:36 PM

87. Plaintiff restates and incorporates every allegation above as if fully set out here, and pleads this Count in the alternative to Counts I and II.

88. At Defendant's request, or with its knowledge and acquiescence, Plaintiff performed arborist services well beyond forty hours per week, routinely working 50 to 60 hours.

89. Those services had reasonable value. The reasonable value of Plaintiff's hours over forty is at least one and one-half times his regular hourly rate, which is the customary and reasonable rate for such services at the time and in the locality where they were rendered.

90. Defendant accepted and benefited from Plaintiff's services, including through the revenue his labor generated.

91. Defendant has failed and refused to pay the reasonable value of those services despite Plaintiff's demands, including through his DOL complaint.

**WHEREFORE**, Plaintiff prays for the following relief:

a. the reasonable value of his uncompensated services within the applicable limitations period;

b. pre- and post-judgment interest;

c. costs; and

d. such other relief as the Court deems just.

**COUNT VI: UNJUST ENRICHMENT**

**(In the alternative against Defendant Mathias Precision Landscaping, Inc.)**

92. Plaintiff restates and incorporates every allegation above as if fully set out here, and pleads this Count in the alternative to Counts I, II, and V.

93. Plaintiff conferred a benefit on Defendant: the labor he performed beyond forty hours per week without overtime pay.

Electronically Filed - St Louis County - October 09, 2026 - 12:36 PM

94. Defendant appreciated the benefit. It knew Plaintiff regularly worked 50 to 60 hours per week and profited from that labor.

95. Defendant accepted and retained the benefit under circumstances that make retention without payment inequitable. Defendant knowingly misclassified Plaintiff, kept the benefit after the DOL found overtime was owed, and then fired Plaintiff.

96. Defendant has been unjustly enriched at Plaintiff's expense in the amount of the overtime compensation it withheld.

**WHEREFORE**, Plaintiff prays for the following relief:

e. Compensatory damages;

f. Prejudgment and post judgment interest;

g. All other relief this Court deems fair and equitable.

Respectfully submitted,

**HKM EMPLOYMENT ATTORNEYS LLP**

By: ***/s/ S. Cody Reinberg***
S. Cody Reinberg, Mo. Bar #66174
7382 Pershing Ave., 1W
St. Louis, MO 63130
314-391-9557 p/f
creinberg@hkm.com

Attorneys for Plaintiff Christopher Obert